

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:                           Opinion No. O-4757
                                    Re: Termination of employer's
                                        liability under the facts
                                        stated.

        We have your letter of request for our opinion upon the
following facts:

        "A corporation with employer status wrote us on
   April 6, 1939, that it would no longer have employer
   status under the Unemployment Act because from that
   date forward it would not have more than seven indi-
   viduals in its employment. This reduction in force, it
   said, was due to its curtailment of activity. Upon the
   receipt of this letter, the Coverage Division of the
   Commission wrote the corporation the letter which is
   attached as Exhibit A.

        "Prior to December 31, 1939, one of our field
   auditors called upon the corporation telling its man-
   ager that it would do the corporation no good to file
   an application for termination of coverage at the end
   of 1939 for the reason that the number of persons in the
   employment of the corporation was nine instead of seven.
   The field auditor made this statement because Commis-
   sion Regulations Nos. 15 and 16, as well as Commission
   interpretation of the law, required that non-salaried
   officers be counted as in employment. The corporation
   had not included two such officers in its count and had,
   therefore, stated that the number of individuals in em-
   ployment after April 6, 1939, was only seven. It was in
   May, 1941, that State vs. Kenyon, 153 S. W. (2d) 195,
   referred to above, was decided.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude A. Williams, Page 2

"Because of the statements made by our field auditor, the corporation did not file the formal application for termination of coverage which was sent to it. It did file such formal application in January of 1941. A copy of the last mentioned form is, likewise, attached as Exhibit B.

"The question upon which we request your opinion is whether this Commission should consider the employer's letter of April 6, 1939, attached as Exhibit C, together with the other circumstances recited above, as operating to permit the Commission's terminating the corporation's liability as an employer on December 31, 1939."

The courts of this state have passed upon Section 6c of Article 5221b, Vernon's Annotated Civil Statutes, providing the method of termination of employer coverage on several occasions. You are no doubt familiar with these cases. Witherspoon Oil Company vs. State, 156 S. W. (2d) 579; Webb vs. State, 156 S. W. (2d) 557; Harris vs. State, 159 S. W. (2d) 172; and Kestner vs. State, not yet reported.

Specifically, your question is whether the letter of the employer under date of April 6, 1939, directed to the Texas Unemployment Compensation Commission, may be considered as operating to permit the Commission's terminating the corporation's liability at the end of the year 1939. The letter of the employer corporation reads:

"Texas Unemployment Compensation Commission
Austin, Texas

Gentlemen:

"On April 15th, we are suspending publication of a daily paper because of increasing costs of operation, such as Social Security Taxes. We will publish a paper twice a week in the future and as a result, after April 15th, we will employ not more than 7 persons, causing us to be exempt from Unemployment taxes. Will you please advise us what notice we are required to make and to whom, and at what date will we be relieved from this Unemployment tax burden?

Very truly yours
THE X PAPER
By (signed)
Publisher"

Article 5221b, Section 6(c), Vernon's Annotated Civil Statutes, reads:

"An employing unit shall cease to be an employer subject to this Act only as of the 1st day of January of any calendar year, if it files with the Commission, prior to the 31st day of March of such year, a written application for termination of coverage, and the Commission finds that there were no twenty (20) different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight (8) or more individuals in employment subject to this Act. For the purposes of this subsection the two or more employing units mentioned in paragraph (2) or (3) or (4) of section 19(f) shall be treated as a single employing unit."

It is unfortunate for the employer that your field representative advised him, since this advice resulted in the employer's failure to later terminate his coverage as suggested by the Commission. However, the letter of the employer on April 6, 1939, was not within the period fixed by statute for termination. The opinion of Judge Combs in the case of Harris vs. The State, 159 S. W. (2d) 172, states:

" * * * * appellant contends that he made 'substantial, practical and reasonable' compliance with the Act upon termination of his coverage in September, 1937. This contention is based upon the fact that when appellant suspended business in August, 1937, and since a report and remittance to the Texas Unemployment Compensation Commission covering the month of August, he inserted in the report the following: 'Final monthly report. Business absorbed by Texas Cab Company. Penalty for employing labor too great.'

Judge Combs then says:

"Thus the Act requires two things as a prerequisite for the termination of coverage by an employer subject to the Act, written application by the employer for termination of coverage, and a finding by the Commission of facts which entitle the employer to terminate it. We think the method prescribed is exclusive and that when the status of 'employer' once attaches under the Act it continues until terminated in the manner provided. * * * "

The opinion of Judge Combs in the Harris case appears to be in point on this question and we must follow it.

The Commission is not estopped by the action of its representative. Regardless of the sympathy we may have for the employer, we believe the authorities cited would prevent the Commission from treating the letter of April 6, 1939, as a substantial compliance with Section 6(c) of Article 5221b.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 1? 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By _Morris Hodges_
Morris Hodges
Assistant

MH:ej

